506 P.2d 1209

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**George ERGENBRIGHT, Defendant-Appellant.**

No. 9198.

Supreme Court of New Mexico.

Feb. 23, 1973.

John J. Duhigg, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Richard A. Griscom, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

OMAN, Justice.

Defendant was convicted of raping a child 22 months of age. He has appealed from the judgment of conviction and his sentence to life imprisonment. We affirm.

The points relied upon for reversal will be considered in the order of their presentation in the briefs. The first is:

## POINT I

"(A) There was insufficient evidence presented to the Grand Jury to establish probable cause for indictment on the charge of rape of a child; therefore, this charge should have been withdrawn from the consideration of the jury.

"(B) The court has authority and jurisdiction to review the sufficiency of evidence presented to the Grand Jury."

The attack here is not upon the sufficiency of the evidence adduced at trial to support the conviction, but upon the sufficiency of the evidence presented before the grand jury to satisfy it that the offense of rape of a child had been committed. Section 41–5–10, N.M.S.A.1953 (2d Repl.Vol. 6, 1972) defines the requirements for the return of an indictment by a grand jury.

There is no provision in New Mexico law for judicial review of the evidence considered by a grand jury. State v. Chance, 29 N.M. 34, 221 P. 183 (1923); State v. Paul, 82 N.M. 619, 485 P.2d 375 (Ct.App.1971), cert. denied, 82 N.M. 601, 485 P.2d 357 (1971). See to the same effect, Costello v. United States, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956).

Defendant next contends:

"Since the defendant was denied his constitutional and statutory right to a preliminary examination, the district court lacked jurisdiction to proceed with trial and defendant's conviction is invalid."

The constitutional and statutory provisions relied upon by defendant provide in material part:

N.M.Constitution, Art. II, § 14:

"No person shall be held to answer for a capital, felonious or infamous crime unless on a presentment or indictment of a grand jury or information filed by a district attorney or attorney general or their deputies, * * *. No person shall be so held on information without having had a preliminary examination before an examining magistrate, or having waived such preliminary examination."

Rules of Pleading, Practice and Procedure for the Magistrate Courts, Part III, Rules for Criminal Action Rule 25—Appearance of Defendant [§ 36–21–25, N.M.S.A.1953 (2d Repl.Vol. 6, 1972)]:

"(b) *Offenses not within Magistrate Trial Jurisdiction.* Upon appearance of

the defendant before the magistrate in response to a warrant or follownig arrest, where the offense charged is not a misdemeanor within magistrate trial jurisdiction, the magistrate shall first inform the defendant as provided in subdivision (a) of this rule and in addition, shall inform him of his right to a preliminary examination * * *."

"* * * If the defendant does not waive preliminary examination and the offense is one for which it is required, the magistrate shall proceed to conduct such an examination in accordance with Rule 26 [36–21–26] of these rules."

Rule 26—Preliminary Examinations [§ 36–21–26, N.M.S.A.1953 (2d Repl.Vol. 6, 1972)]:

"(a) *Conduct of hearing.* After proceeding in accordance with Rule 25(b) [36–21–25(b)] of these rules and determining that a preliminary examination must be conducted, the magistrate shall proceed to examine the case * * *.

"* * *

"(3) He shall complete the examination in one [1] session unless he adjourns it for good cause shown, * * *."

It is appellant's position that because (1) a criminal complaint against him was executed and apparently filed on December 15, 1969 in magistrate court, (2) he made a request for a preliminary hearing on December 18, 1969, and (3) a preliminary examination was set for January 8, 1970, the indictment issued by the grand jury on December 23, 1969 and filed the following day was invalid and his prosecution and conviction thereunder were likewise invalid.

▮▮▮▮▮ Defendant was not proceeded against by information, but by indictment. Consequently, he was not entitled to a preliminary examination. N.M.Constitution, Art. II, § 14, supra; State v. Salazar, 81 N.M. 512, 469 P.2d 157 (Ct.App.1970). The fact that proceedings against him were first initiated by a criminal complaint in the magistrate court did not obligate the State to proceed by preliminary examination and information rather than by indictment. See State v. Mosley, 75 N.M. 348, 404 P.2d 304 (1965).

In his final point relied upon for reversal, defendant urges:

"The court below committed reversable [sic] error in failing to sustain defendant's motion for mistrial on the grounds that defendant's constitutional rights, guaranteed by the 5th and 14th Amendments to the United States Constitution, had been violated by the State's comments on the defendant's failure to testify in his own behalf."

During defendant's closing argument to the jury his counsel stated:

"You will recall that the Court told you the defendant has no obligation to testify, he is not required to get on the stand and testify and be subjected to any more than to face these charges. He does not have to deny them. In fact, he has testified to you through the mouth of the policeman. He has also testified to you by the fact that we are here on trial and he is denying these charges. What more could he do than deny them? And he has done that. You recall we asked the officer about the form he called Advice of Rights, and he told you what was written down on that form —the defendant said, 'Ask all the questions you want to'. We asked the officer if he did ask all the questions and he said yes, and did the defendant answer them, officer, and he said, yes, he answered them. He said he answered them all."

In response to this argument, the assistant district attorney stated as follows in his final argument:

"While we are on the point, Mr. Drum said there is no need for the defendant to take the stand, he has told you his story through the police officer, but if that is true why wouldn't he take the few minutes that it takes to get on that stand and tell you his side of the story? Is that the case or does he have some-

thing to hide? Or would he have to admit that he had gonorrhea or something like this?

The following exchange of views then occurred between counsel and the court:

"MR. DRUM: [counsel for defendant] Now, if the Court pleases, I think we have a number of Supreme Court decisions about the District Attorney commenting on the failure of the defendant to take the stand, and we move for a mistrial on the basis of this comment, which now is fresh in everyone's mind.

"MR. RIORDAN: [assistant district attorney] Your Honor, we also have Supreme Court cases that say once a defense counsel gets up and comments on the defendant's failure to take the stand, the prosecution can also comment on it.

"THE COURT: Well, let's stop right now. I will ask the jury to disregard the prosecutor's statements on the point."

■ Generally, the prosecutor may not properly comment on a defendant's failure to testify. Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965); State v. Miller, 76 N.M. 62, 412 P.2d 240 (1966); State v. Jones, 80 N.M. 753, 461 P.2d 235 (Ct.App.1969).

■ The State does not contend that the possible prejudice caused by the remarks of the assistant district attorney were cured by the trial court's admonition, which is quoted above. See State v. Jones, supra. The State does contend, and we agree, the remarks of the assistant district attorney were made by way of response to the comments of defendant's counsel concerning defendant's reasons for not testifying. These remarks by the assistant district attorney were within the realm of reasonable reply to defendant's argument. Compare United States v. Lawler, 413 F.2d 622 (7th Cir. 1969), cert. denied, 396 U.S. 1046, 90 S.Ct. 698, 24 L.Ed.2d 691 (1970); State v. Bickham, 239 La. 1094, 121 So.2d 207 (1960); State v. McLarty, 467 S.W.2d 58 (Mo.1971); State v. Paris, 76 N.M. 291, 414 P.2d 512 (1966); State v. Parks, 25 N.M. 395, 183 P. 433 (1919); Carter v.

State, 488 P.2d 1306 (Okl.Cr.1971); Gaddis v. State, 447 P.2d 42 (Okl.Cr.1968); Commonwealth v. Darnell, 179 Pa.Super. 461, 116 A.2d 310 (1955); Luna v. State, 461 S.W.2d 600 (Tex.Cr.App.1970); State v. Gunthorpe, 81 N.M. 515, 469 P.2d 160 (Ct.App.1970).

The judgment and sentence should be affirmed.

It is so ordered.

McMANUS, C. J., and STEPHENSON, J., concur.