570 P.2d 614

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Jose Anthony REESE, a/k/a "Tony",
Defendant-Appellant.**

No. 2938.

Court of Appeals of New Mexico.

Sept. 27, 1977.

Scott McCarty, Marchiondo & Berry, P. A., Albuquerque, for defendant-appellant.

Toney Anaya, Atty. Gen., Ernesto J. Romero, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

78

OPINION

WOOD, Chief Judge.

Convicted of possession with intent to distribute heroin, defendant appeals. Section 54–11–20, N.M.S.A.1953 (2d Repl. Vol. 6, Supp. 1975). We discuss: (1) false evidence before the grand jury and (2) improper citation to the taped transcript.

*False Evidence Before the Grand Jury*

A disputed factual issue was whether defendant possessed the heroin allegedly found at defendant's residence during a search pursuant to a search warrant. The evidence is uncontradicted that defendant was not present at the time of the search. He returned to his home after a telephone call involving defendant, his wife and one or more officers.

Officer Parra testified before the grand jury:

"Q   Now, then, apart from Mister Reese were there any other adult occupants in the residence or in the household?

"A   No, there wasnt [sic].

"Q   Right after you found this evidence did Mister Tony Reese return home to his residence?

"A   Yes ma'am."

The first answer was false; there were two adults and four minor children in the residence at the time of the search. Defendant also asserts the second answer was false because no testimony brought out that defendant returned home after his telephone conversation with the police.

Prior to trial defendant moved that the indictment be dismissed or, in the alternative, that proceedings be stayed and the matter remanded to the grand jury for further consideration. The ground asserted was that Officer Parra's testimony was "incorrect and untruthful regarding material matters."

At the hearing on the motion, it was stipulated that the prosecutor presenting Officer Parra's testimony to the grand jury knew that the officer's testimony was incorrect and knew this at the time of the testimony. There is nothing showing any effort by the prosecutor to correct this testimony. The trial court denied the motion. Defendant's appeal challenges the validity of the indictment under the facts of this case.

The facts show the first quoted answer was false. Thus, the facts go beyond the conflicting evidence or the evidence unknown to the prosecutor in *State v. McGill*, 89 N.M. 631, 556 P.2d 39 (Ct.App.1976).

The State seeks to avoid consideration of the false evidence. Its contentions, and our answers to those contentions are:

▇▇ (a) After the trial court denied the motion, defendant petitioned for a writ of mandamus from the Supreme Court. The petition asked the Supreme Court to direct the trial court to dismiss the indictment. The same grounds were alleged in the petition as in the motion before the trial court. The Supreme Court denied the petition for the writ. On this basis, the State asserts that the Supreme Court has already decided the matter and this Court has no authority to review the Supreme Court's decision. The answer is that denial of the petition does not mean that the Supreme Court ever reached the merits of the issue. Mandamus does not lie where there is an adequate remedy by appeal. *Montoya v. Blackhurst*, 84 N.M. 91, 500 P.2d 176 (1972). We know only that the Supreme Court denied the petition; we do not know on what ground. We are not reviewing a Supreme Court decision because there is no showing of a decision by the Supreme Court on the matter before us.

(b) The State asserts that Officer Parra did not commit perjury before the grand jury. That is not the issue. Whether or not Officer Parra perjured himself, the issue is the validity of an indictment obtained by the use of false testimony.

(c) The State asserts we cannot review the evidence presented to the grand jury. We are not reviewing the evidence for its sufficiency. Our concern is with whether due process was violated by the use of false evidence to obtain the indictment. *State v. McGill, supra.*

■ (d) The State asserts the false testimony was not material. We do not see the relevance to the indictment of the reason defendant returned to his home. Accordingly, we do not consider the incompleteness of the second question and answer, quoted above. The first question and answer is relevant to the question of defendant's possession. The heroin was allegedly found in a closet in a common area of the house at a time when defendant was absent, and when defendant's wife and another adult were present in the house. Defendant's possession, if any, must be constructive possession. *State v. Herrera*, 90 N.M. 306, 563 P.2d 100 (Ct.App.1977). The false testimony as to those present has a direct relationship to the charge that defendant possessed the heroin.

■ (e) The State asserts the false testimony is not before us for review because there is no grand jury transcript certified by a court reporter, and the trial court did not admit the grand jury transcript as evidence. The trial court took judicial notice of the grand jury transcript and this transcript, judicially noticed, is included as a part of the motion proceedings certified by the court reporter.

The false evidence issue is before us for review.

■ The knowing use of false evidence or the failure to correct false evidence at a trial on the merits, is a violation of due process if the evidence is material to the guilt or innocence of the accused. *State v. Morris*, 69 N.M. 244, 365 P.2d 668 (1961); *State v. Hogervorst*, 87 N.M. 458, 535 P.2d 1084 (Ct.App.1975). See *Chacon v. State*, 88 N.M. 198, 539 P.2d 218 (Ct.App.1975).

■ Is this concept applicable to grand jury proceedings? Yes. Why? "Under normal circumstances, the accused has no right to appear before that body, with or without counsel. Since he has no right concerning the grand jury except that it be duly impaneled and conducted according to law, his right in this respect should be rigorously protected." *Baird v. State*, N.M., 568 P.2d 193, decided August 23, 1977. An indictment based on false, material evidence is not an indictment of a grand jury conducted according to law. We hold that defendant has the due process right of not being indicted on the basis of false evidence, known to and uncorrected by the prosecutor, if the false evidence is material to the indictment.

■ In referring to false evidence "material to the indictment" we mean false evidence that is substantial and of importance to the indictment being returned. See *State v. Sierra*, N.M., 568 P.2d 206 (Ct. App.), decided July 19, 1977. According to the indictment, the only grand jury witness upon whose testimony the indictment was based was Officer Parra. Rule of Crim. Proc. 5(d). His testimony as to those present was false. Thus, the only grand jury testimony relating to defendant's constructive possession was false. This false testimony, being the only testimony, was necessarily material to the indictment.

The indictment based on false evidence violated defendant's right to due process. At the time the issue was presented to the trial court—prior to trial—one of defendant's alternative requests for relief should have been granted. *United States v. Basurto*, 497 F.2d 781 (9th Cir. 1974). If the indictment had been remanded to the grand jury, it could have reconsidered the indictment in light of a corrected version of Officer Parra's testimony. See concurring opinion in *United States v. Basurto, supra.*

Because of the due process violation in obtaining the indictment, the judgment and sentence are reversed.

*Improper Citation to the Transcript*

■ Because of the invalid indictment, we do not reach other issues raised by defendant. However, a procedural matter requires comment.

Two of the issues raised went to evidentiary matters. One issue was the sufficiency of the evidence to show constructive possession. The second issue was the exclusion of certain tendered evidence. Both issues involve the credibility of Officer

Mares. The brief-in-chief, in reviewing the evidence, has very few references to where the evidence mentioned in the brief may be found in the tape transcript. Such references as do exist on these two issues are to the point on the tapes where a witness's testimony begins and not to where the particular item of testimony may be located. This treatment of the evidence on these two issues contrasts greatly with specific references given in connection with other issues.

N.M. Crim.App. 501(a)(4) requires citation to the part of the transcript relied on. N.M. Crim.App. 501(e) states:

> "(e) *References in Briefs.* References in the briefs shall be to the pages of the record proper and pages or sequential time or counter numbers of the transcript of proceedings. If reference is made to evidence the admissibility of which is in controversy, reference shall be to the place in the transcript of proceedings at which the evidence was identified, offered, and received or rejected."

The reference to where a witness began to testify is not a reference to a counter number where the testimony relied on may be located. N.M. Crim.App. 501 was violated by the improper citations used in connection with the two evidentiary issues. Neither issue would have been considered because of the rule violation. *State v. Sierra, supra*; *City of Farmington v. Sandoval*, 90 N.M. 246, 561 P.2d 945 (Ct.App.1977).

The cause is remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

HENDLEY and LOPEZ, JJ., concur.