601 P.2d 67

**STATE of New Mexico, Plaintiff-Appellant,**

v.

**Willie James STEVENS, Defendant-Appellee.**

No. 3848.

Court of Appeals of New Mexico.

April 17, 1979.

Rehearing Denied April 27, 1979.

Jeff Bingaman, Atty. Gen., Charlotte Hetherington Roosen, Asst. Atty. Gen., Santa Fe, for plaintiff-appellant.

William D. Teel, Albuquerque, for defendant-appellee.

## OPINION

WOOD, Chief Judge.

In an earlier case against the defendant, the trial court suppressed an oral statement made by defendant to a detective. The indictment involving this earlier charge was quashed; we do not know why. The case was again presented to the grand jury, which again indicted defendant. In the trial court, the parties stipulated that the prosecutor's presentation to the grand jury, which resulted in the last indictment, included testimony concerning the statement which had been suppressed in the earlier case. The trial court granted the motion to quash the last indictment. The State appeals. We do not rule on defendant's motion to strike the State's argument, in its brief, concerning the propriety of the suppression order in the earlier case. Nor do we rule on the propriety of suppressing the statement because there is no ruling in this case suppressing the statement. N.M.Crim.

App. 308. The issue before the trial court, and in this appeal is the propriety of quashing the indictment because the prosecutor presented testimony concerning the statement, to the grand jury, after the trial court had suppressed the statement.

The trial court was of the view that presenting the suppressed statement to the grand jury violated § 31–6–11(A), N.M.S.A. 1978. This section states that "[a]ll evidence [before the grand jury] must be such as would be legally admissible upon trial."

Counsel did not call the trial court's attention to *State v. Chance,* 29 N.M. 34, 221 P. 183, 31 A.L.R. 1466 (1923), or the several decisions applying *Chance. State v. Chance,* supra, states that a grand jury

. . . is a judicial tribunal with inquisitorial powers, and, unless there is some clear statutory authority to do so, we think the courts are without power to review its action to determine whether or not it had sufficient or insufficient, legal or illegal, competent or incompetent evidence upon which to return an indictment. . . . We think the statutes referred to, governing the kind, character, and degree of evidence which should be produced before a grand jury in order to warrant the returning of an indictment, are directory and are for the guidance of the grand jury. . . . [W]e think the findings of such grand jury, when made by and through an indictment, duly returned into court, and regular upon its face, are, with respect to the kind and degree of evidence upon which it was returned, conclusive, and that the courts are without power or jurisdiction to inquire into the subject and review the testimony submitted to the grand jury to determine whether or not the required kind or degree of evidence was submitted.

See *State v. Ergenbright,* 84 N.M. 662, 506 P.2d 1209 (1973); *State v. Herrera,* 90 N.M. 306, 563 P.2d 100 (Ct.App.1977); *State v. McGill,* 89 N.M. 631, 556 P.2d 39 (Ct.App. 1976); *State v. Elam,* 86 N.M. 595, 526 P.2d 189 (Ct.App.1974); *State v. Paul,* 82 N.M.

619, 485 P.2d 375 (Ct.App.1971). The decision in *State v. Chance,* supra, was applied to the current wording of § 31–6–11(A), supra, in *State v. Paul,* supra. There is no due process claim in this case similar to the claim made in *State v. Reese,* 91 N.M. 76, 570 P.2d 614 (Ct.App.1977) or *State v. McGill,* supra.

Defendant contends the trial court did not proceed contrary to *State v. Chance,* supra, because the trial court did not review the evidence presented to the grand jury. Because the parties stipulated to the evidence that was presented to the grand jury, defendant contends the trial court proceeded properly. This argument is casuistic. The trial court quashed the indictment on the basis that improper evidence was presented to the grand jury. Whether the trial court was informed of the evidence by reviewing the grand jury transcript or by stipulation as to the evidence presented, the trial court necessarily reviewed the propriety of that evidence. It had no authority to do so under *State v. Chance,* supra.

Defendant asserts other decisions involving grand jury proceedings have modified *State v. Chance,* supra. The decisions relied on are *Baird v. State,* 90 N.M. 667, 568 P.2d 193 (1977), *Davis v. Traub,* 90 N.M. 498, 565 P.2d 1015 (1977), and *State v. Hill,* 88 N.M. 216, 539 P.2d 236 (Ct.App.1975). None of these decisions involved evidence presented to the grand jury. These decisions did not modify *State v. Chance,* supra.

The order quashing the indictment is reversed. The cause is remanded with instructions to reinstate the indictment.

IT IS SO ORDERED.

HERNANDEZ and LOPEZ, JJ., concur.