604 P.2d 363

**Richard MALDONADO, Petitioner,**

v.

**STATE of New Mexico, Respondent.**

No. 12542.

Supreme Court of New Mexico.

Dec. 21, 1979.

John Bigelow, Chief Public Defender, Martha A. Daly, App. Defender, Michael Dickman, Asst. App. Defender, Santa Fe, for petitioner.

Jeff Bingaman, Atty. Gen., Santa Fe, for respondent.

## OPINION

EASLEY, Justice.

Maldonado appeals his conviction of criminal trespass. The Court of Appeals summarily affirmed. We affirm.

At issue is whether any court can review the admissibility of evidence presented to a grand jury, although not later used in the trial, and whether Maldonado was denied his right to due process when inadmissible evidence was presented to the grand jury returning his indictment.

The grand jury indicted Maldonado for aggravated burglary and aggravated assault. He was acquitted of these two felonies. However, he was convicted of the included petty misdemeanor of criminal trespass.

The alleged inadmissible evidence presented to the grand jury included: (1) a knife supposedly seized from Maldonado's brother's house which was given to the grand jurors for their inspection but which the State's witness could not identify; (2) a police officer's testimony in response to questions asked by the State concerning Maldonado's refusal to speak after being advised of his *Miranda* rights; and (3) a statement, introduced as an admission of Maldonado's, made by Maldonado's attorney to a police officer.

We accept these facts. The Court of Appeals did not permit a transcript of the grand jury proceeding to be submitted with Maldonado's appeal, so we cannot verify the accuracy of these allegations. And the Court of Appeals has held that the facts recited in a docketing statement, which go unchallenged, are accepted as the facts in the case. *State v. Calanche*, 91 N.M. 390, 574 P.2d 1018 (Ct.App.1978).

In his appeal, Maldonado challenged his indictment on two grounds. First, he claimed that the evidence in question was not legally admissible at trial and thus its introduction violated Section 31–6–11(A), N.M.S.A.1978 (current version at Cum. Supp.1979). The Court of Appeals rejected

this challenge on the basis of the well-established rule that the New Mexico courts have no authority to review the sufficiency, legality, or competency of evidence upon which an indictment has been returned. *State v. Ergenbright*, 84 N.M. 662, 506 P.2d 1209 (1973); *State v. Chance*, 29 N.M. 34, 221 P. 183 (1923); *State v. Stevens*, 93 N.M. 434, 601 P.2d 67 (Ct.App.1979); *State v. Paul*, 82 N.M. 619, 485 P.2d 374 (Ct.App. 1971). Apparently, the Court of Appeals agreed with the statement made by this Court in *State v. Chance* that statutes, such as 31–6–11(A), "governing the kind, character, and degree of evidence which should be produced before a grand jury in order to warrant the returning of an indictment, are *directory* and for the *guidance* of the grand jury. *Id.* 29 N.M. at 39, 211 P. at 185 (emphasis added)." *See also State v. McGill*, 89 N.M. 631, 556 P.2d 39 (Ct.App. 1976).

In 1971, the Court of Appeals stated in *State v. Paul*, 82 N.M. at 622, 485 P.2d at 378:

[s]ince the legislature in amending the laws pertaining to grand juries in 1969 still did not see fit to give the courts authority to review the sufficiency of evidence to support grand jury indictments, and since it is deemed to have had *State v. Chance*, supra, [sic] in mind when it enacted the new statutes, we see no reason to overrule or distinguish *Chance.*

We reiterate this reasoning here. Less than a year ago the Legislature had the opportunity to, and in fact did, amend the laws pertaining to grand juries. §§ 31–6–2 to 31–6–14, N.M.S.A.1978 (Cum.Supp.1979). The Legislature chose not to give the New Mexico courts the authority to review evidence supporting a grand jury indictment.

However, by the above holding we do not give to the State unbridled discretion to employ inadmissible evidence to obtain indictments. We merely recognize, as do the majority of jurisdictions, that there are compelling reasons for the courts not to go behind an indictment to inquire into the evidence considered by a grand jury. These reasons include the need for both judicial economy and secrecy of grand jury proceedings.

■ As we stated in 1977:

[t]he grand jury has evolved to where it now functions as a guardian of the citizens' right to be free from government harassment unless good cause is shown for attempting a prosecution. The grand jury is not, and should not be, the tool of the prosecuting authority to manipulate at will. Our statutes specify certain procedures . . . to aid the grand jury's investigation of criminal activity. We will not permit anyone to circumvent the letter or the spirit of those laws.

*Davis v. Traub*, 90 N.M. 498, 500, 565 P.2d 1015, 1017 (1977). Although in *Davis* we were examining the validity of an indictment tainted by the presence of unauthorized persons in the grand jury room, we think the policy stated there is applicable to the instant case. Section 31–6–11(A) provides that all evidence presented to a grand jury must be such as would be "legally admissible" upon trial. Prosecuting attorneys *must* abide by the letter and spirit of our laws, and this precludes their use of inadmissible evidence when obtaining indictments.

■ Maldonado also claimed prosecutorial misconduct based on the admission of the questioned evidence, and urged that his right to due process of law was thereby violated. He relies on two cases in which the Court of Appeals held that the asserted violations of due process vis-a-vis the grand jury are reviewable. *State v. Reese*, 91 N.M. 76, 570 P.2d 614 (Ct.App.1977); *State v. McGill, supra.*

In *State v. Reese*, the indictment was based on false evidence. The Court of Appeals stated that since an accused has no right concerning a grand jury except that it be conducted according to law, the accused's right in this respect should be rigorously protected. And since an indictment based on false evidence is not an indictment of a grand jury conducted according to law, the accused's right to due process had been violated. In *State v. McGill*, the Court of Appeals recognized that an accused could be

denied due process by a prosecutor's withholding of exculpatory evidence from the grand jury. In the recent case of *State v. Herrera*, 93 N.M. 442, 601 P.2d 75 (Ct.App. 1979), the Court of Appeals reaffirmed that due process requires the presentation of evidence to the grand jury which tends to negate guilt. Further, the newly-enacted grand jury reforms specifically require that the prosecutor present exculpatory evidence to the grand jury. § 31–6–11(B).

Maldonado argues that the facts in his case present a comparable due process violation. He would have us extend the holdings in *State v. Reese* and *State v. Herrera* and rule for the first time that the receipt of inadmissible evidence by a grand jury is grounds for invalidating an indictment. We decline to do so.

"Due process" is an elusive concept. In the context of a defendant's challenge to an indictment on due process grounds, it is even more difficult of definition. None of the three New Mexico cases dealing with the concept of due process in this context adequately defines it. In its summary affirmance of this case, the Court of Appeals only stated that the facts here "simply do not give rise to a due process claim."

In looking to other jurisdictions, both for an adequate definition of due process in this context and to determine what facts give rise to such claims, we find neither the federal nor the state courts had developed consistent standards. Some courts have not gone as far as the New Mexico courts in holding that the presentation of false or perjured evidence to or the withholding of exculpatory evidence from a grand jury is a sufficient due process violation requiring quashing of the indictment. *United States v. Kennedy*, 564 F.2d 1329 (9th Cir. 1977); *United States v. Ruyle*, 524 F.2d 1133 (6th Cir. 1975). Other courts have taken the same position we do on this issue. *United States v. Phillips Petroleum Co.,* 435 F.Supp. 610 (N.D.Okl.1977); *Gieffels v. State*, 590 P.2d 55 (Alaska 1979) (*Gieffels III*); *Johnson v. Superior Court of San Joaquin Cty.*, 15 Cal.3d 248, 124 Cal.Rptr. 32, 539 P.2d 792 (1975); *State v. Bell*, Haw., 589 P.2d 517 (1978).

Some courts have gone further than we are willing to go by holding that indictments based, in whole or in part, on hearsay or on the testimony of an incompetent witness are invalid. *United States v. Estepa*, 471 F.2d 1132 (2nd Cir. 1972); *State v. Gieffels*, 554 P.2d 460 (Alaska 1976) (*Gieffels I*); *People v. Bartlett*, 199 Cal.App.2d 173, 18 Cal.Rptr. 480 (1962); *see People v. Bishop*, 64 Misc.2d 147, 314 N.Y.S.2d 419 (1975). These courts did not, however, hold the indictments invalid on due process grounds. They merely subscribe to the minority position which opposes the general rule that courts will generally not review the legality, competency, or sufficiency of evidence upon which an indictment is based.

It appears that those cases which do speak in terms of "due process" have one thing in common: some type of prosecutorial misconduct that results or may result in the denial of a fair trial to the defendant. *United States v. Basurto*, 497 F.2d 781 (9th Cir. 1974); *United States v. Phillips Petroleum Co., supra; Johnson v. Superior Court of San Joaquin Cty., supra*. In other words, the false or perjured evidence before a grand jury and the withholding of exculpatory evidence, *if used or withheld by the prosecutor at trial*, may result in the denial of a fair trial to the defendant.

But inadmissible evidence which has been presented to the grand jury will presumably not be admitted at trial by the trial judge. In this instance, the defendant still receives a fair trial. The present case only involves inadmissible evidence. In his petition for a writ of certiorari, Maldonado concedes that this evidence was not admitted at trial. In sum, Maldonado was not denied a fair trial.

We hold that the indictment in this case is not void because of the introduction of inadmissible evidence and that Maldonado was afforded due process. We affirm the conviction.

IT IS SO ORDERED.

SOSA, C. J., and PAYNE, FEDERICI and FELTER, JJ., concur.