142 P.3d 362 (2006)
2006-NMCA-105
STATE of New Mexico, Plaintiff-Appellee,
v.
Ivan ROMERO, Lawrence Gallegos, Elias Romero, Luis Trujillo, Jaime Romero, and Steve Tollardo, Defendants-Appellants.
No. 25,155.
Court of Appeals of New Mexico.
June 29, 2006.
Certiorari Granted August 22, 2006.
As Corrected September 5, 2006.
Patricia A. Madrid, Attorney General, Santa Fe, NM, Steven S. Suttle, Assistant Attorney General, Albuquerque, NM, for Appellee.
Joseph N. Riggs, III, Albuquerque, NM, for Appellant Ivan Romero.
John Bigelow, Chief Public Defender, Sheila Lewis, Assistant Appellate Public Defender, for Appellants Lawrence Gallegos, Elias Romero, Luis Trujillo, Jaime Romero, Steve Tollardo.
Downing & Henderson, David Henderson, Santa Fe, NM, Law Offices of Michael L. Stout, Michael L. Stout, Las Cruces, NM, for Amicus Curiae NM Criminal Defense Lawyers Association.
Certiorari Granted, No. 29,934, August 22, 2006.

OPINION
ALARID, Judge.
{1} Defendants-Appellants, Ivan Romero, Lawrence Gallegos, Elias Romero, Luis Trujillo, Jaime Romero, and Steve Tollardo, applied for interlocutory appeal from the order of the district court denying Defendants' motion to dismiss the indictments against them. We granted the application, and we now affirm.

DISCUSSION
{2} Defendants argue that the evidence submitted to the grand jury (1) consisted of inadmissible hearsay, in violation of NMSA *363 1978, § 31-6-11(A) (2003); and (2) failed to include exculpatory evidence, in violation of Section 31-6-11(B).

Subsection 31-6-11(A)
{3} We begin our analysis with State v. Chance, 29 N.M. 34, 221 P. 183 (1923). In Chance, the defendant had been convicted of embezzlement. Id. at 35, 221 P. at 183. He interposed a plea in abatement asserting that the only evidence presented to the grand jury had been a former indictment returned by a prior grand jury. Id. The State demurred, arguing that the indictment, being regular on its face, was conclusive of the sufficiency and existence of the evidence supporting the indictment. Id. At the time, New Mexico law provided as follows:
Sec. 42. In the investigation of a charge for the purpose of indictment, the grand jury can receive no other evidence than:
First. Such as is given by witnesses, produced and sworn before them; or
Second. By legal documentary evidence.
Sec. 43. The grand jury can receive none but legal evidence and the best evidence in degree, to the exclusion of hearsay or secondary evidence.
. . . .
Sec. 45. The grand jury ought to find an indictment, when all the evidence taken together is such as in their judgment would, if unexplained or uncontradicted, warrant a conviction by the trial jury.
NMSA 1915, §§ 3128, 3129, 3131 (1854) (hereinafter the 1854 act). The Supreme Court concluded that the above provisions were "directory and [were] for the guidance of the grand jury . . . and that the courts are without power or jurisdiction to inquire into the subject and review the testimony submitted to the grand jury to determine whether or not the required kind or degree of evidence was submitted." Chance, 29 N.M. at 39-40, 221 P. at 185. The Supreme Court did, however, suggest that the rule it adopted could be modified by "some clear statutory authority to do so." Id. at 39, 221 P. at 184.
{4} The law governing the character of evidence submitted to grand juries has undergone several revisions. With the exception of the most recent revision, prior iterations are set out in Buzbee v. Donnelly, 96 N.M. 692, 698, 634 P.2d 1244, 1250 (1981). The most recent revision with which we are concerned occurred in 2003. 2003 N.M. Laws, ch. 363, § 5. The law now provides that:
Evidence before the grand jury upon which it may find an indictment is that which is lawful, competent and relevant, including the oral testimony of witnesses under oath and any documentary or other physical evidence exhibited to the jurors. The Rules of Evidence shall not apply to a grand jury proceeding. The sufficiency of the evidence upon which an indictment is returned shall not be subject to review absent a showing of bad faith on the part of the prosecuting attorney assisting the grand jury.
Section 31-6-11(A).
{5} We find Chance controlling. Applying Chance, we conclude that (1) the 2003 version of Section 31-6-11(A) is directory and for the guidance of the grand jury, and (2) the Legislature has not authorized judicial review of the evidence presented to a grand jury except for its sufficiency and then only upon a showing of prosecutorial bad faith.
{6} Our conclusion that Section 31-6-11(A) is directory is based on our comparison of the language used by the Legislature in the 1854 act and discussed in Chance with the current language. We think that the 1854 act was at least as clear as current law in excluding evidence that would be inadmissible at trial. Nevertheless, our Supreme Court held the statute to be merely directory. If the 1854 act was merely directory, then the current statute likewise should be understood as directory.
{7} Our conclusion that the Legislature has not generally authorized judicial review of the sufficiency and competency of the evidence stems from the principle that the Legislature is presumed to be informed of relevant case law when it acts. V.P. Clarence Co. v. Colgate, 115 N.M. 471, 474, 853 P.2d 722, 725 (1993). A legislature familiar with the Supreme Court's decision in Chance and its reaffirmation of Chance in Buzbee, 96 N.M. at 706, 634 P.2d at 1258, would have recognized that the Supreme Court would not depart from Chance without an express, *364 affirmative statutory declaration of judicial authority to review the evidence presented to the grand jury. We recognize that in a backhanded way the 1981 and 2003 versions of Section 31-6-11(A) do impliedly authorize limited review  but only when the defendant has made a showing of prosecutorial bad faith. NMSA 1978, § 31-6-11 (1981). The 2003 version, by declaring in the second sentence that the Rules of Evidence do not apply and by omitting any reference in the final sentence to the competency of the evidence, suggests to us a legislative intent to limit, not to expand judicial review, as compared to the 1981 version which authorized review of both the sufficiency and the competency of the evidence upon preliminary showing of prosecutorial bad faith. As we read the 2003 version, even where prosecutorial bad faith has been established, judicial review of the evidence is limited to the sufficiency of the evidence.
{8} Defendants nowhere argue that they established the statutory condition precedent to judicial review: prosecutorial bad faith. In the absence of prosecutorial bad faith, there is no clear statutory authority for judicial review of the sufficiency of the evidence presented to the grand jury; in the absence of clear statutory authority for judicial review, we must apply the Chance common-law default rule by which the grand jury's determination of probable cause is conclusive as to the sufficiency and competency of the evidence.

Subsection 31-6-11(B)
{9} We conclude that Chance and Buzbee also are dispositive of Defendants' challenges under Section 31-6-11(B). We recognize that Chance was concerned with the sufficiency and competency of the evidence, not with the prosecution's asserted failure to present exculpatory evidence. Buzbee, however, was concerned with alleged failures to present exculpatory evidence to a grand jury. In that context, the Supreme Court reaffirmed the rule adopted in Chance:
This Court ruled in [Chance] that an indictment duly returned into court and regular on its face cannot be challenged with respect to the kind and degree of evidence. The Court further held that there would have to be clear statutory authority authorizing such a review, and that in its absence, the courts are without power to review the sufficiency, legality or competency of the evidence upon which an indictment is returned. There is no court review provided in our statutes.
We still subscribe to the decision in Chance. We hold that opening up indictments for challenge would halt the orderly progress of investigations, would cause extended litigation on unimportant issues and would frustrate the public's interest in the fair and expeditious administration of the criminal laws. It would be an intrusion into the separate provinces of the constitutionally independent offices of the grand jury and the prosecutor. In any event, the claimed misconduct would be cured at trial.
Buzbee, 96 N.M. at 706, 634 P.2d at 1258. Indeed, we believe that the case against judicial review of the evidence is even clearer under subsection (B) than under subsection (A). Section 31-6-11. We read Chance and Buzbee as establishing a general common-law rule prohibiting judicial review of the evidence supporting an indictment unless a statute clearly authorizes review. In contrast to subsection (A), which affirmatively authorizes judicial review of the sufficiency of the evidence upon a showing of prosecutorial bad faith, subsection (B) contains no express or implied authorization for judicial review of the evidence to insure that the grand jury considered evidence that disproves or reduces a charge or that makes an indictment unjustified. See id. Due to the absence of clear statutory authority for judicial review, we must apply the Chance and Buzbee common-law default rule by which the grand jury's determination of probable cause is conclusive as to the kind and degree of the evidence.

CONCLUSION
{10} We affirm the denial of Defendants' motion to dismiss.
{11} IT IS SO ORDERED.
WE CONCUR: LYNN PICKARD and RODERICK T. KENNEDY, Judges.