601 P.2d 75

**STATE of New Mexico, Plaintiff-Appellant,**

v.

**Joann Bertha HERRERA, Defendant-Appellee.**

**No. 3962.**

Court of Appeals of New Mexico.

Aug. 21, 1979.

Jeff Bingaman, Atty. Gen., Eric Scott Jeffries, Asst. Atty. Gen., Santa Fe, for plaintiff-appellant.

Roderick A. Dorr, Terrazas & Dorr, Santa Fe, for defendant-appellee.

## OPINION

WOOD, Chief Judge.

The trial court dismissed the indictment on the basis that the prosecutor who presented the matter to the grand jury had withheld exculpatory evidence. The State appeals; we affirm the dismissal.

Defendant, the mother of the deceased child, was charged with permitting child abuse which resulted in the death of the child. Baker, the mother's live-in boyfriend, was charged with committing the child abuse which resulted in the death. This appeal involves only the charge against defendant.

Defendant moved to dismiss the indictment; the motion alleged that the prosecutor withheld exculpatory evidence from the grand jury. This motion was granted, without prejudice to the matter being again presented to the grand jury.

It is not disputed that evidence was knowingly withheld. That evidence, in the possession of the prosecutor at the time the matter was presented to the grand jury, consisted of (a) statements that defendant was not present when the fatal injuries occurred; (b) evidence, from the treating physician, that prior broken bones were not the result of child abuse; and (c) state-

ments that defendant was not present when two prior acts of abuse were committed by Baker.

█ Was this evidence exculpatory? Items (a) and (c) were clearly exculpatory; accordingly, we do not consider item (b). When the trial court asked the prosecutor the meaning of exculpatory evidence, the reply was: "That it would indicate that she is not guilty of the crime." We agree with this reply. The California Court of Appeal, in *Johnson v. Superior Ct. of Cal., Cty. of Joaquin, Dept. 6,* 38 Cal.App.3d 977, 113 Cal.Rptr. 740 (1974), refers to evidence "which tends to negate guilt." The California Supreme Court, in the same case, 15 Cal.3d 248, 124 Cal.Rptr. 32, 34, 539 P.2d 792, 794 (1975) refers to "evidence reasonably tending to negate guilt * * *."

█ In *State v. McGill,* 89 N.M. 631, 556 P.2d 39 (Ct.App.1976) we assumed that a defendant could be denied due process by a prosecutor withholding exculpatory evidence from a grand jury. We now expressly so hold when exculpatory evidence is knowingly withheld. The basis for the assumption in *McGill,* supra, was that the grand jury has a duty to protect a citizen against unfounded accusations and only specified persons are authorized to present matters to the grand jury. If the prosecutor is not obligated to present evidence tending to negate guilt, the grand jury hears only what the prosecutor wants it to hear, with the result that the grand jury becomes a tool of the prosecutor and is no longer independently making the probable cause determination required by the statute. Section 31–6–10, N.M.S.A.1978. A knowing withholding of evidence tending to negate guilt is fundamentally unfair and violates due process. *State v. McGill,* supra.

The State contends that the evidence it withheld was not exculpatory because it conflicted with evidence that was inculpatory. The fact that the evidence in the State's possession is conflicting does not change the fact that a portion of that evidence tended to negate guilt and was therefore exculpatory. The State's argument is based on a misreading of *State v. McGill,*

supra. In that case the conflicting evidence was presented to the grand jury, and not withheld as was the exculpatory evidence in this case.

█ Our holding, that due process requires the presentation of evidence to the grand jury which tends to negate guilt, is consistent with the ABA Standards Relating to the Administration of Criminal Justice. Standard 3.6(b) of "The Prosecution Function" states: "The prosecutor should disclose to the grand jury any evidence which he knows will tend to negate guilt." Why? The Commentary states: "The obligation to present evidence which tends to negate the guilt of the accused flows from the basic duty of the prosecutor to seek a just result." Compare *State v. Reese,* 91 N.M. 76, 570 P.2d 614 (Ct.App.1977). In so holding, we have not considered the amendment to § 31–6–11(B), N.M.S.A.1978 enacted by Laws 1979, ch. 337, § 8, because the amendment is not applicable to defendant's case.

█ The State contends the trial court erred in reviewing evidence presented to the grand jury to determine if it was exculpatory. Defendant presented evidence at the hearing which had not been presented to the grand jury. During the hearing, a tape of the grand jury proceedings was admitted into evidence, in support of the claim that exculpatory evidence had been withheld. The trial court commented that in light of the grand jury evidence, which was marginally inculpatory, the withheld exculpatory evidence highlighted the due process violation. The trial court did not err in considering the tape of the grand jury proceedings on the question of whether exculpatory evidence had been withheld.

█ The State also contends that if the prosecutor reasonably believes the evidence is not exculpatory he has no obligation to present such evidence to the grand jury. Our first answer to this contention is that if the prosecutor believed that items (a) and (c) were not exculpatory, that belief was not reasonable. Our second answer is that the due process requirement of presenting

evidence tending to negate guilt is not to be determined on the basis of the prosecutor's subjective belief; rather, the claim is to be determined by objectively analyzing the withheld evidence to determine whether, in fact, it tended to negate guilt.

The order dismissing the indictment is affirmed.

IT IS SO ORDERED.

HENDLEY and HERNANDEZ, JJ., concur.