618 P.2d 371

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Vincent A. SANCHEZ,
Defendant–Appellant.**

**No. 4590.**

Court of Appeals of New Mexico.

Sept. 30, 1980.

Michael E. Vigil, Santa Fe, for defendant–appellant.

Jeff Bingaman, Atty. Gen., Art Encinias, Asst. Atty. Gen., Santa Fe, for plaintiff–appellee.

## OPINION

HENDLEY, Judge.

Convicted of commercial burglary, defendant appeals listing several points for reversal. The defendant claims he was denied due process because the indictment should have been dismissed for failure of the prosecutor to present exculpatory evidence. The State responded to defendant's brief in chief by way of a Motion for Summary Disposition. Paragraph number two of the motion states that "[f]rom the record, it appears clear that the State knowingly withheld clearly exculpatory evidence from the grand jury but that this action was based upon a determination that the exculpatory evidence was not admissible because false." The State then went on to state that *State v. Herrera*, 93 N.M. 442, 601 P.2d 75 (Ct.App. 1979) was clearly dispositive. We agree and reverse.

Three witnesses were called before the grand jury. The procedure was to ask all three witnesses leading questions which would elicit yes or no responses. The arresting officer was asked such questions which elicited the response that all three targets admitted the burglary charged in Count I. However, defendant's Exhibit B, which is the confession of co–defendant Lucero, expressly contained exculpatory evidence as to defendant. This information was never given to the grand jury.

The prosecutor's explanation at the pretrial motion to suppress was that he was in a dilemma because Lucero was lying when he said defendant and another co–defendant knew nothing of the burglaries. In fact, the confession of defendant conflicted with that of Lucero to the extent that Lucero's confession tried to exculpate defendant.

28

Section 31–6–11(B), N.M.S.A. 1978 (Supp. 1980), states in part: "The prosecuting attorney assisting the grand jury shall present evidence that directly negates the guilt of the target where he is aware of such evidence."

Section 31–6–7, N.M.S.A. 1978 (Supp. 1980), states in part: "The prosecuting attorney shall conduct himself in a fair and impartial manner at all times when assisting the grand jury."

*State v. Herrera, supra,* holds that when exculpatory evidence is knowingly withheld, it is a denial of due process. Exculpatory evidence was defined as evidence reasonably tending to negate guilt. *Herrera* further says that evidence in the State's possession which is conflicting does not change the fact that any evidence which tends to negate guilt must be given to the grand jury. The subjective belief of the prosecutor is not determinative. "[T]he claim is to be determined by objectively analyzing the withheld evidence to determine whether, in fact, it tended to negate guilt." *State v. Herrera, supra.*

 Accordingly, we hold that the prosecutor's belief that Lucero was lying was not determinative. This was a determination for the grand jury. Since it tended to negate guilt, it should not have been withheld. The indictment should have been dismissed against the defendant.

Although the foregoing disposes of the cause, we would be remiss in our duties if we would not comment on the way in which the prosecutor *conducted* the grand jury.

Three witnesses were brought before the grand jury—the two owners of the businesses which had been burglarized and the arresting police officer. The total case was presented to the grand jury in less than nine minutes. The owners were asked their names and occupations. From that point on, all further questioning was by leading questions. Not once was the witness permitted to testify except to say "yes" or "no" to leading questions. This, in effect, amounts to the prosecutor stating the facts and not the witness. Such questioning does not give the grand jury an opportunity to test the witness. An important role of a fact finder is observing the witness as to his demeanor and whether or not his answers are credible. Allowing the prosecutor, who is the chief law officer of the district, to conduct such a proceeding is tantamount to having him testify.

Such conduct by the prosecutor may explain why the grand jury system has come under attack. It should not be used as a short cut tool to find probable cause. The foregoing method of presentation of evidence is clearly violative of § 31–6–7, *supra.*

Reversed and remanded.

IT IS SO ORDERED.

WOOD, C. J., and WALTERS, J., concur.