2000-NMSC-007

997 P.2d 818

**STATE of New Mexico, Plaintiff–Petitioner,**

v.

**Michael Zane ULIBARRI and Julianne Popplewell, Defendants–Respondents,**

**State of New Mexico, Plaintiff–Petitioner,**

v.

**Carlos Ray Montoya, Defendant–Respondent.**

No. 26,027.

Supreme Court of New Mexico.

Feb. 21, 2000.

Rehearing Denied March 21, 2000.

Patricia A. Madrid, Attorney General, James O. Bell, Assistant Attorney General, Santa Fe, for Petitioner.

Marchiondo, Vigil & Associates, P.C., Michael E. Vigil, Albuquerque, for Respondents.

Freedman, Boyd, Daniels, Hollander, Goldberg & Cline, P.A., Charles W. Daniels, Albuquerque, for Amicus Curiae, New Mexico Criminal Defense Lawyers Association.

## OPINION

MINZNER, Chief Justice.

{1}  This Court granted certiorari in these consolidated cases. These cases involve the issue of whether a prosecutor is required to instruct the grand jury, on the record, of the essential elements of offenses it is to consider. It is the opinion of a majority of this Court that we adopt the opinion of the Court of Appeals. *State v. Ulibarri*, 1999–NMCA–142, 128 N.M. 546, 994 P.2d 1164. *Ulibarri* states that in a grand jury proceeding "instruction on the record is necessary." *Id.* ¶ 1. The procedure followed in these cases does not satisfy the mandated constitutional and statutory requirements for instructing the grand jury on the essential elements of the offenses. *See* N.M. Const. art. II, § 14; NMSA 1978, § 31–6–10 (1979); NMSA 1978, § 31–6–8 (1983); UJI 14–8001 NMRA 2000; Rule 5–506 NMRA 2000. In the view of the dissenting justices, the procedure followed in these cases does satisfy these requirements.

{2}  We note, as did the Court of Appeals, that our ruling applies to cases currently pending and untried in the Second Judicial District. "In addition, dismissals for failure to comply with the grand jury statutes and rules are of necessity without prejudice." *Ulibarri*, 1999–NMCA–142, ¶ 24, 128 N.M. 546, 994 P.2d 1164. We emphasize the following language in the Court of Appeals' opinion:

> The purpose of our ruling is simply to require strict compliance with the statutory and Supreme Court provisions controlling the grand jury process. This is primarily a forward-looking concern. The difficulty with the grand jury procedure we have disapproved here is real and important, but it is not one that can be expected to carry forward into or past a trial on the merits of the case. The grand jury only makes a finding of probable cause. A defendant should not be required to face a trial in the absence of probable cause. But at a trial on the merits, the State has the obligation to prove not just probable cause but guilt beyond a reasonable doubt. *See* UJI 14–5060 NMRA 1999. Like difficulties with the quality or type of evidence relied upon by the grand jury in returning an indictment, any question of probable cause is necessarily obviated by a finding of guilt. *See [Buzbee v. Donnelly*, 96 N.M. 692, 704–05, 634 P.2d 1244, 1256–57(1981); *Maldonado v. State*, 93 N.M. 670, 670–71, 604 P.2d 363, 363–64 (1979) ]. Thus, any ruling that would call into question any plea arrangement, verdict or other post-hearing resolution of cases would be unwarranted and pernicious.

*Ulibarri*, 1999–NMCA–142, ¶ 23, 128 N.M. 546, 994 P.2d 1164. We also emphasize that the practice held invalid in these cases is equally invalid if engaged in elsewhere.

{3}  For these reasons, we affirm the opinion of the Court of Appeals. We see no reason to add anything further to the analysis contained in the opinion of the Court of Appeals.

{4}  **IT IS SO ORDERED.**

FRANCHINI and SERNA, JJ., concur.

BACA and MAES, JJ., dissent.