# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                                               **No. 28,835**

**TREMAINE JERNIGAN,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**James Waylon Counts, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Robert E. Tangora, L.L.C.
Robert E. Tangora
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**SUTIN, Chief Judge.**

Defendant appeals an amended judgment and sentence. [RP 441] Defendant relies on *State v. Frawley*, 2007-NMSC-057, 143 N.M. 7, 172 P.3d 144, to argue that the court could not aggravate his sentence. Our notice proposed to affirm. Defendant

has filed a memorandum in opposition. We are not persuaded that the analysis in our notice is incorrect, and we affirm.

**BACKGROUND**

In 2002, Defendant was convicted of second degree murder (Count I), attempted second degree murder (Count II), and tampering with evidence (Count III). [RP 314] Ultimately, in 2006, our Supreme Court reversed his conviction on Count II and remanded for a new trial on that count. *See State v. Jernigan*, 2006-NMSC-003, ¶ 29, 139 N.M. 1, 127 P.3d 537. During that appeal, Defendant argued that the court could not aggravate his sentence. The Court applied its decision in *State v. Lopez*, 2005-NMSC-036, 138 N.M. 521, 123 P.3d 754, and concluded that Defendant's sentence was properly enhanced. *See Jernigan*, 2006-NMSC-003, ¶ 28.

In 2007, however, our Supreme Court changed its position and ruled that our aggravation statute, NMSA 1978, § 31-18-15.1 (1993), was unconstitutional. *See Frawley*, 2007-NMSC-057, ¶¶ 23-33.

After remand, Defendant's case was placed back on the docket for retrial of Count II, but in December 2007 the State decided not to prosecute Count II. [RP 438] On July 9, 2008, the court then entered an amended judgment and sentence on Counts I and III. [RP 441] The court aggravated Counts I and III, using the same findings

it had used in the original judgment and sentence filed in 2002. [Compare RP 315 with RP 442] Defendant argued that the court could not do so. He argued that because the amended judgment and sentence was filed in 2008, he is entitled to the benefit of *Frawley* and therefore his sentence cannot be aggravated by the court.

**DISCUSSION**

**A.     Supreme Court mandate**

We hold that aggravation of Counts I and III is proper because the Supreme Court affirmed those convictions and the aggravation of those counts. *See Jernigan*, 2006-NMSC-003, ¶¶ 1, 29. Accordingly, after the opinion and mandate issued in *Jernigan*, the district court had no authority to rule otherwise. *See Romo v. Raton Coca Cola Co.*, 96 N.M. 765, 768, 635 P.2d 320 (Ct. App. 1981) ("The district court has only such jurisdiction as the opinion and mandate of the appellate court specifies." (internal quotation marks and citation omitted)). For this reason alone, affirmance is appropriate.

**B.     Prospective application of *Frawley***

There is an additional reason why we hold that the aggravation of Counts I and III is proper. *Frawley* applies prospectively. *See Frawley*, 2007-NMSC-057, ¶¶ 34-44. Prospective application generally means the new rule applies only to cases

pending on direct appeal or to cases pending in the district court. *See Santillanes v. State*, 115 N.M. 215, 225, 849 P.2d 358, 368 (1993) (stating that a new interpretation of law would apply to cases pending on appeal in which the relevant issue had been raised); *State v. Ulibarri*, 1999-NMCA-142, ¶ 24, 128 N.M. 546, 994 P.2d 1164 (limiting new ruling to cases currently pending and untried in the Second Judicial District), *aff'd*, *State v. Ulibarri*, 2000-NMSC-007, 128 N.M. 686, 997 P.2d 818.

In 2008, when the amended judgment and sentence was filed, Defendant's case was not pending on direct appeal. Even if we were to apply *Frawley* to cases pending in district court, Defendant would not be entitled to the benefit of *Frawley*. Counts I and III were final in 2006 and were not pending in the district court in 2007 when *Frawley* was decided. Therefore, applying *Frawley* to those counts would constitute an impermissible, retroactive application. Only Count II was pending in district court in 2007. Defendant may be correct that if, on retrial, he had been convicted and sentenced on Count II, that count could not be aggravated. That, however, is not the issue before us.

In his memorandum, Defendant argues that his "case" was not final when *Frawley* was decided. He relies on *State v. Rogers,* 93 N.M. 519, 521, 602 P.2d 616, 618 (1979), which states that cases are finalized only when "there has been a judgment

4

of conviction, sentence, *and* exhaustion of rights of appeal." (Internal quotation marks and citation omitted). He argues that his case was not finalized because Count II was pending on retrial. [MIO 3]

We reject Defendant's argument because it ignores the important procedural distinctions between Counts I and III, and Count II. In 2007, when *Frawley* was decided, Counts I and III—the counts that were aggravated—were final. Those two counts and the corresponding sentence had been affirmed by the Supreme Court, mandate had issued, and the right of appeal as to those counts had been exhausted. Consequently, we disagree with Defendant that, under *Rogers,* those two counts were not final.

If Defendant is arguing that under *Rogers* his sentence was not final, and therefore *Frawley* would apply, we also disagree. Defendant is correct that the amended sentence had not been entered in 2007, but that was only because the case was pending retrial on Count II. As a practical matter, an amended sentence would only be entered after resolution of Count II. But we disagree that this practical consideration would trump the procedural fact that the Supreme Court had affirmed his convictions and sentence on Counts I and III. As we have discussed, those counts were final and Defendant's right to appeal those convictions and the corresponding

5

sentence was exhausted.  As to those two counts, nothing remained to be done except to incorporate the affirmed convictions and corresponding sentences into any judgment and sentence entered after Count II was resolved.   The fact that Count II remained pending and that an  amended judgment and sentence could not be entered until Count II was finally resolved, does not transform Counts I and III into counts that were pending in 2007.  Nor do we believe that it would transform the entire case into a pending case, such that *Frawley* would apply prospectively.

For the foregoing reasons, we affirm the district court's amended judgment and sentence.

**IT IS SO ORDERED.**


_____
**JONATHAN B. SUTIN, Chief Judge**


**WE CONCUR:**


_____
**MICHAEL D. BUSTAMANTE, Judge**


_____
**JAMES J. WECHSLER, Judge**