**Certiorari Denied, January 3, 2011, No. 32,645**

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2011-NMCA-023**

**Filing Date: September 14, 2010**

**Docket No. 29,529**

**STATE OF NEW MEXICO,**

      **Plaintiff-Appellee,**

**v.**

**KENNETH YAW,**

      **Defendant-Appellant.**

<u>**Consolidated with**</u>

**Docket No. 29,528**

**STATE OF NEW MEXICO,**

      **Plaintiff-Appellee,**

**v.**

**RITA STARCESKI,**

      **Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Lisa C. Schultz, District Judge**

Gary K. King, Attorney General
Margaret E. McLean, Assistant Attorney General
Joel Jacobsen, Assistant Attorney General
Santa Fe, NM

for Appellee

1

Michael L. Stout
Las Cruces, NM

for Appellant Yaw

David C. Serna
Albuquerque, NM

for Appellant Starceski

**OPINION**

**WECHSLER, Judge.**

**{1}** These separate interlocutory appeals arise from the district court's denial of Defendants' joint motion to dismiss their indictments. Defendants raise two issues on appeal: (1) the district court erred in determining that it was unable to grant the relief Defendants sought; and (2) the grand jury judge failed to enforce NMSA 1978, Section 31-6-11(B) (2003) through the procedures outlined in *Jones v. Murdoch*, 2009-NMSC-002, 145 N.M. 473, 200 P.3d 523. Because the district court did not have the power to grant the relief Defendants seek, we affirm. We write in a single opinion deciding both appeals.

**BACKGROUND**

**{2}** Defendants, Kenneth Yaw and Rita Starceski, husband and wife, were arrested and indicted on six counts of child abuse in violation of NMSA 1978, Section 30-6-1(D) (2009). The charges stemmed from instances of locking several of their children in their garage as punishment for various rules violations and for sending several of their children to live in a trailer far from the family residence for approximately two weeks for stealing money in an attempt to purchase clothing and enroll in public school.

**{3}** After Defendants were issued target notices, but before the grand jury proceeding, Defendant Yaw sent a letter to the prosecutor serving as the grand jury aide, requesting that the prosecutor allow the grand jury to hear testimony from the children. The letter indicated that the children would testify that the garage in which they were confined had sufficient provisions, that any punishment the children had received from Defendants was appropriate and not cruel, and that Defendant Starceski's father would also testify about Defendants' parenting. The prosecutor did not comply with Defendant Yaw's request. Defendant Yaw then moved the grand jury judge to order the prosecutor to present such evidence to the grand jury. Defendant Starceski joined in this motion.

**{4}** On October 1, 2008, the grand jury judge held a hearing to consider whether Section 31-6-11(B) compelled him to order the prosecutor to present Defendant Yaw's

2

proffered evidence. The grand jury judge ruled that Section 31-6-11(B) did not compel him to order that the prosecutor offer any piece of evidence to the grand jury and did not remove from the prosecutor the wide discretion granted to him in decisions regarding the presentation of evidence to the grand jury. The grand jury judge held that the proper remedy for Defendants was to move to quash the indictment if and when the grand jury issued one and to raise the issue of a potential violation of Section 31-6-11(B) at that time. The grand jury indicted each Defendant on six counts of intentional child abuse in violation of Section 30-6-1(D). Defendants moved to dismiss the indictment in the district court, renewing their argument that the grand jury judge incorrectly applied Section 31-6-11(B). After the grand jury issued its indictment, but before the district court heard Defendants' motion to dismiss, our Supreme Court decided *Jones*. *Jones* outlined the procedures for resolving disputes between grand jury targets and prosecutors when targets wish evidence to be presented to the grand jury in accordance with Section 31-6-11(B). *Jones*, 2009-NMSC-002, ¶ 35.

**{5}** On appeal, Defendants argue that the district court erred in ruling that Defendants did not have a right to vindicate their rights under Section 31-6-11(B) through a motion to quash the indictment. Defendants further argue that the grand jury judge erred by failing to enforce the procedures for enforcing Section 31-6-11(B) as articulated in *Jones*. We hold that the district court was correct in concluding that Defendants could not receive relief through a motion to quash the indictment and affirm. Because we hold that the district court did not have the power to review the grand jury judge's enforcement of Section 31-6-11(B), we do not address Defendants' arguments concerning the application of that statute.

## AVAILABILITY OF POST-INDICTMENT REVIEW

**{6}** Whether Defendants have a right to post-indictment review depends on statutory interpretation of Section 31-6-11(B). Statutory interpretation presents a question of law, which this Court reviews de novo. *State v. Myers*, 2010-NMCA-007, ¶ 30, 147 N.M. 574, 226 P.3d 673, *cert. granted*, 2010-NMCERT-001, __ N.M. __, 227 P.3d 1056. Section 31-6-11(B) provides:

> It is the duty of the grand jury to weigh all the evidence submitted to it, and when it has reason to believe that other lawful, competent and relevant evidence is available that would disprove or reduce a charge or accusation or that would make an indictment unjustified, then it shall order the evidence produced. At least twenty-four hours before grand jury proceedings begin, the target or his counsel may alert the grand jury to the existence of evidence that would disprove or reduce an accusation or that would make an indictment unjustified, by notifying the prosecuting attorney who is assisting the grand jury in writing regarding the existence of that evidence.

3

In *Jones*, our Supreme Court set forth a pre-indictment remedy for enforcement of a target's right to offer evidence to the grand jury as allowed by Section 31-6-11(B). *Jones*, 2009-NMSC-002, ¶ 35. If a prosecutor wishes to prevent the grand jury from accessing the evidence proffered by the grand jury target, "the prosecutor must file a motion with the grand jury judge, with notice to the target, seeking confirmation of the prosecutor's decision not to call the witness or not to inquire into the subject matter proposed by the target." *Id.* At this hearing, the prosecutor has the burden of persuading the grand jury judge that the evidence in question is not "lawful, competent and relevant" as required by Section 31-6-11. *Jones*, 2009-NMSC-002, ¶ 39 (internal quotation marks and citation omitted).

{7}     Normally, New Mexico courts cannot review the evidence presented during grand jury proceedings after indictment absent a showing of bad faith on the part of the prosecutor. *See* § 31-6-11(A) ("The sufficiency of the evidence upon which an indictment is returned shall not be subject to review absent a showing of bad faith on the part of the prosecuting attorney assisting the grand jury."); *State v. Chance*, 29 N.M. 34, 39, 221 P. 183, 184-85 (1923) ("[U]nless there is some clear statutory authority to do so, we think the courts are without power to review [grand jury proceedings] to determine whether or not [the grand jury] had sufficient or insufficient, legal or illegal, competent or incompetent evidence upon which to return an indictment."). This Court has previously applied this principle in refusing to review a prosecutor's refusal to present exculpatory evidence to the grand jury. *State v. McGill*, 89 N.M. 631, 633, 556 P.2d 39, 41 (Ct. App. 1976) (holding that post-indictment review of the prosecutor's failure to comply with the predecessor statute to Section 31-6-11(B), which required prosecutors to present direct exculpatory evidence to the grand jury, would be an impermissible inquiry into the evidence upon which the grand jury based its indictment).

{8}     Defendants argue that the existence of a pre-indictment enforcement mechanism in *Jones* also creates a right to post-indictment review of grand jury proceedings to ensure that the mechanism is properly applied. They argue that review for the proper application is distinct from review of the evidence before the grand jury, such that reviewing for compliance with Section 31-6-11(B) does not conflict with Section 31-6-11(A). However, the nature of the remedy fashioned in *Jones* indicates that our Supreme Court did not believe that Section 31-6-11(B) allowed for post-indictment review of the grand jury proceedings. In reaching its conclusion that a pre-indictment procedure was necessary to fulfill the purposes of Section 31-6-11(B), the Court specifically rejected the state's contention that a post-indictment motion to quash the indictment would be an adequate remedy for grand jury targets whose evidence was excluded by the prosecutor. *Jones*, 2009-NMSC-002, ¶ 18. The Court reasoned, in part, that any post-indictment review of the application of Section 31-6-11(B) would, by its nature, be a review of the evidence before the grand jury at the time of the indictment and that, as a consequence, the district court would only be able to quash the indictment if the defendant made an additional showing of bad faith on the part of the prosecutor. *Jones*, 2009-NMSC-002, ¶ 19; Section 31-6-11(A). The Court acknowledged that this need for a showing of bad

4

faith on the part of the prosecutor would make it much more difficult for defendants to vindicate their rights under Section 31-6-11(B). *Jones*, 2009-NMSC-002, ¶ 19.

**{9}** This analysis by the Court indicates that the Court envisioned that post-indictment review for violations of Section 31-6-11(B) would be treated like any other post-indictment review of the evidence before the grand jury at the time of the indictment as laid out in Section 31-6-11(A). Review would therefore be unavailable to Defendants absent a showing of bad faith on the part of the prosecutor in the presentation of evidence to the grand jury. *See* § 31-6-11(A). Defendants do not argue on appeal that there was prosecutorial bad faith, and, as a result, post-indictment review of the evidence before the grand jury would not generally be available to them.

**{10}** In addition, *Jones* provides further insight into the propriety of the relief Defendants seek in its discussion of the procedure for vindicating a target's rights under Section 31-6-11(B). The *Jones* Court recognized that Section 31-6-11(B) did not provide for appellate review, even of pre-indictment rulings. It was thus "unwilling to recognize a right of appeal from a decision of the grand jury judge under Section 31-6-11(B)." *Jones*, 2009-NMSC-002, ¶¶ 40, 41. It contemplated that any such review would take place by extraordinary writ in extreme cases. *Id.* ¶ 41. Defendants seek to distinguish their case from *Jones* on the grounds that they never received a "decision of the grand jury judge under Section 31-6-11(B)" because they were not provided a hearing as outlined in *Jones*. *Jones*, 2009-NMSC-002, ¶ 40. However, the grand jury judge in this case reviewed the evidence that Defendants wished to present under Section 31-6-11(B) and ruled that the State did not have to present that evidence to the grand jury. Regardless of whether this decision was in compliance with the procedure set out in *Jones*, it was certainly a "decision of [the] grand jury judge under Section 31-6-11(B)," and therefore not the proper subject of an appeal. *Jones*, 2009-NMSC-002, ¶ 41.

**{11}** Defendants also argue that a violation of Section 31-6-11(B) should instead be reviewed by a different standard, the one by which courts review violations of other grand jury statutes, such as those involving the presence of unauthorized people in the deliberation room or a failure to demonstrate that the grand jury has been properly instructed on the elements of the charges alleged. *See State v. Ulibarri*, 2000-NMSC-007, ¶¶ 1, 3, 128 N.M. 686, 997 P.2d 818 (holding that failure to read the elements of the charges against the target to the grand jury before its deliberations warranted dismissing the indictment without prejudice); *Davis v. Traub*, 90 N.M. 498, 501, 565 P.2d 1015, 1018 (1977) (per curiam) (holding that the presence of an unauthorized person during grand jury deliberations warranted dismissing the indictment without prejudice). We agree with Defendants that there are circumstances in which failure to comply with grand jury statutes warrants quashing an indictment without prejudice. However, these circumstances are limited to those cases, such as *Davis* and *Ulibarri*, in which there is a failure as to the grand jury process that goes to the heart of the grand jury's essential function. *See State v. Ulibarri*, 1999-NMCA-142, ¶¶ 12-15, 128 N.M. 546, 994 P.2d 1164 (discussing the differences between challenges to the evidence before the grand jury

and challenges to the manner in which the grand jury is conducted), *aff'd*, 2000-NMSC-007.  In matters relating to the grand jury process, the prosecutor does not have discretion, and the courts do not defer to any decision the prosecutor makes if that decision was not in compliance with the law.  *Ulibarri*, 1999-NMCA-142, ¶¶ 14-15.  In those types of cases, prejudice to the defendant is assumed due to the "obviously improper nature of the violation." *Id.* ¶ 13.  We treat disputes over evidence before the grand jury quite differently.  *Id.* ¶ 12.  When there is such a dispute, the prosecutor has broad discretion as to what evidence to present to, or exclude from, the grand jury, and courts will not review any good-faith decisions the prosecutor makes in that regard once an indictment is returned.  *Id.* ¶ 12.  There is no post-indictment relief for a defendant once the grand jury returns an indictment absent a showing of prosecutorial bad faith.  Section 31-6-11(A).  As noted above, *Jones* indicates that disputes arising under Section 31-6-11(B) are treated like other disputes concerning evidence before the grand jury for the purposes of post-indictment relief.  *Jones*, 2009-NMSC-002, ¶¶ 18-19.  As a result of this distinction between the process of, and the evidence to be submitted to, the grand jury, Defendants were required to show prosecutorial bad faith before the district court could inquire into their claims.  Because Defendants have made no such showing, they are not entitled to the relief they seek.

**CONCLUSION**

**{12}**    *Jones* did not create a statutory right to post-indictment review for compliance with the pre-indictment procedures for enforcing Section 31-6-11(B).  Thus, Defendants are not entitled to post-indictment review absent a showing of bad faith on the part of the prosecutor.  Defendants did not argue prosecutorial bad faith in their motion to the grand jury judge, in their motion to quash their indictments, or in their appeal to this Court.  They thus do not have a right for post-indictment review of the evidence presented to the grand jury.  Because we affirm the district court on this finding, we do not address either the grand jury judge's application of Section 31-6-11(B) or the district court's analysis of that application.  We affirm the decision of the district court as to both appeals.

**{13}    IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**LINDA M. VANZI, Judge**

6

**Topic Index for *State v. Yaw*, Docket No. 29,529**

**AE**                    **APPEAL AND ERROR**
AE-IA              Interlocutory Appeal

**CA**                    **CRIMINAL PROCEDURE**
CA-GJ            Grand Jury
CA-IN             Indictment
CA-MP           Misconduct by Prosecutor