This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**BLAIR DUNN,**

Plaintiff-Appellant,

v.                                        **No. A-1-CA-36859**

**LELA DUNN n/k/a LELA HUNT,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**C. Shannon Bacon, District Judge**

A. Blair Dunn
Albuquerque, NM

Pro Se Appellant

Tandy L. Hunt
Roswell, NM

for Appellee

## MEMORANDUM OPINION

**VANZI, Chief Judge.**

{1}     Plaintiff Blair Dunn appeals from a district court order awarding Defendant Lela Dunn attorney fees in this domestic relations case. We issued a calendar notice

proposing to affirm. Plaintiff has responded with a memorandum in opposition. Not persuaded, we affirm the district court.

{2}    Plaintiff continues to challenge a September 9, 2016, district court order awarding Defendant $7,504.78 in attorney fees and costs. The district court has discretion to award attorney fees in domestic relations cases. *See* NMSA 1978, § 40–4–7(A) (1997); Rule 1-127 NMRA.  In making its determination, "the district court is to consider a number of factors including disparity of the parties' resources, prior settlement offers, the total amount of fees and costs expended by each party, and the success on the merits." *Weddington v. Weddington*, 2004-NMCA-034, ¶ 27, 135 N.M. 198, 86 P.3d 623. No single factor is dispositive. *See id.* ¶ 28. We review the determination of whether to make an award for abuse of discretion. *Bustos v. Bustos*, 2000-NMCA-040, ¶ 24, 128 N.M. 842, 999 P.2d 1074. An abuse of discretion occurs when the district court's ruling is contrary to logic and reason. *Id.*

{3}    Here, Plaintiff has made three arguments. First, Plaintiff argues that the district court judge initially raised the fees issue on her own, with no request by Defendant. We do not consider this to be error, because the court was aware of the long and contentious nature of these proceedings, and had the discretion under Section 40-4-7(A) to make the award. Second, Plaintiff argues that the successor judge who made the fee award did not certify that she was familiar with the case. Plaintiff waived this

challenge, since he engaged in proceedings with the judge without making an objection under Rule 1-063 NMRA. We also note that the fee order [RP 1158] indicates that the judge was familiar with the case. Third, Plaintiff argues that Defendant did not prevail in the medical dispute, since he did not object to Child's surgery. Contrary to Plaintiff's continued argument that the judge did not consider relevant factors, there was evidence that Plaintiff initially objected to the medical care, and thereafter frustrated the process through his frequent filing of motions and his conduct in general. [RP 1119-21] The district court also indicated that he considered other relevant factors, and that they weighed in support of making the award. [RP 1158] We therefore conclude that the district court did not abuse its discretion.

{4}     For the reasons set forth above, we affirm.

{5}     **IT IS SO ORDERED.**


_____
                                        **LINDA M. VANZI, Chief Judge**


**WE CONCUR:**



_____
**MICHAEL E. VIGIL, Judge**


3

_____

**JENNIFER L. ATTREP, Judge**