This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.                                     **NO. A-1-CA-37945**

**ARMANDO PENA,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF ROOSEVELT COUNTY**
**Donna J. Mowrer, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Aja Oishi, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**M. ZAMORA, Chief Judge.**

**{1}**    Defendant appeals from his convictions for two counts of trafficking a controlled substance (methamphetamine). Our notice of proposed disposition proposed summary affirmance. Defendant filed a memorandum in opposition to the proposed disposition. Not persuaded by Defendant's arguments, we affirm.

**{2}**    Defendant continues to argue that the district court judge erred in denying his motion to dismiss because it deprived him of his due process right not to be indicted based on false evidence. [MIO 10] Defendant argues that the district court should have dismissed the indictment on three grounds: (1) "the grand jury has a duty to protect a citizen against unfounded accusation[s]," *State v. McGill*, 1976-NMCA-100, ¶ 13, 89

N.M. 631, 556 P.2d 39 [MIO 11]; (2) a law enforcement officer should not be permitted to obtain indictments by making false statements under oath [MIO 12]; and (3) at the time the officer made the false statements, the prosecutor took no steps to correct them [Id.]. *See State v. Reese*, 1977-NMCA-112, ¶ 6, 91 N.M. 76, 570 P.2d 614 ("There is nothing showing any effort by the prosecutor to correct this testimony."). Defendant asserts that law enforcement officers are members of the prosecution team. [MIO 12] Thus, Defendant argues that the fact that a member of the prosecution team made false statements under oath is sufficient to impute bad faith to all members of the prosecution team. [DS 12-13] *See* NMSA 1978, § 31-6-11(A) (2003) ("The sufficiency of the evidence upon which an indictment is returned shall not be subject to review absent a showing of bad faith on the part of the prosecuting attorney assisting the grand jury.").

**{3}** However, Defendant does not dispute the evidence to the contrary relied upon in our calendar notice. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement). In particular, the officer testified that he thought the arrests had been made and it was not until some time after Defendant's arrest and his grand jury testimony that he learned the felony arrests had not occurred and the inaccuracy of his statement. [CN 2] Because there was evidence the officer was not aware of the inaccuracy of his statement when it was made, and there was no evidence to indicate that the prosecutor was aware of the inaccuracy of the information, we hold that there was no due process violation. [CN 4; 1 RP 242-45]

**{4}** Defendant also continues to argue that the district court judge erred in denying his motion to dismiss on the basis of entrapment. [MIO 13-14] Defendant points to additional evidence indicating that the officer exceeded the bounds of permissible conduct by playing on Defendant's addiction—as he was a long-time addict, a fact well known to the informant—to persuade him to purchase methamphetamine and sell it to an undercover officer. [MIO 13] As Defendant acknowledges, however, the evidence presented to support his entrapment defense were based on facts established through his own testimony. [MIO 14] "[B]ecause the jury is free to reject [a d]efendant's version of the facts[,]" we cannot weigh the evidence to reach a different conclusion. *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829; *see State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact-finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lie).

**{5}** For these reasons, and those stated in the calendar notice, we affirm.

**{6}** **IT IS SO ORDERED.**

**M. MONICA ZAMORA, Chief Judge**

**WE CONCUR:**

**LINDA M. VANZI, Judge**

**JACQUELINE R. MEDINA, Judge**